UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL TOVAR CARRANZA,<br><br>   Petitioner,<br><br> v.<br><br>JAMES A. YATES, warden,<br><br>   Respondent. | No. C 07-1114 MHP (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |

  The petition for writ of habeas corpus in this action asserted a single claim, i.e., that petitioner's constitutional right to a speedy trial had been violated. After the petition was fully briefed, petitioner filed a request to amend his petition that was deficient in the respects identified in the court's order re. motion to amend. The court directed petitioner to file a motion to amend and a motion for a stay if he had new unexhausted claims he wanted to present. Petitioner then filed a motion to amend and motion to stay petition (docket # 19). In his motion to amend, he identified the four additional claims he wanted to present: two ineffective assistance of trial counsel claims, a claim about the arrest warrant, and an ineffective assistance of appellate counsel claim. In his motion for a stay, petitioner explained that he had not exhausted the claims before he filed his original petition because he did not understand English well enough to understand what he was doing and only recently discovered from other prisoners that he may have these claims. Respondent did not oppose the motions.

1    Upon due consideration, the court GRANTS petitioner's motion to amend and motion
2 to stay.  (Docket # 19.)   Liberally construing the motion to stay, it appears that petitioner has
3 shown good cause for his failure to exhaust the claims before filing this action, the claims do
4 not appear patently meritless, and there does not appear to be any intentionally dilatory
5 litigation tactic by petitioner.  See Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

6    This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the
7 action.  Nothing further will take place in this action until petitioner exhausts the
8 unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the
9 court's stay and proceed with consideration of his habeas petition.  When he finishes in state
10 court and moves to reopen, petitioner must clearly identify each claim that has been
11 exhausted in state court.

12    Petitioner must act diligently to get his state court petition filed and promptly return to
13 federal court after his state court proceedings have concluded.   If petitioner does not return
14 within thirty days of exhausting the unexhausted claims, the action or the unexhausted claims
15 may be dismissed.  See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538
16 U.S. 1042 (2003).  Petitioner also must exercise continuous diligence during the exhaustion
17 process in the state courts.  Imposing these time limits for petitioner to expeditiously get to,
18 through, and back from state court furthers the AEDPA's goals of encouraging finality of
19 judgments and streamlining federal habeas proceedings.  See Rhines, 544 U.S. at 278.

20    IT IS SO ORDERED.

21 DATED:  June 15, 2009

                                                    _____
                                                    Marilyn Hall Patel
                                                    United States District Judge

2